IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OSCAR O. OZFIDAN,

    Plaintiff,

v.                                 Civil Action No. 3:17CV726–HEH

JOHN MARSHALL, Presiding Judge,
and PAMELA L. OZFIDAN,

    Defendants.

## MEMORANDUM OPINION
(Dismissing Complaint for Lack of Federal Jurisdiction)

This is an action brought under 42 U.S.C. § 1983 seeking declaratory judgment, specifically that an award of spousal support to Plaintiff's former wife by the Circuit Court of Henrico County, Virginia ("Circuit Court") is unconstitutional and unenforceable. The Plaintiff, proceeding *pro se*,[1] names both the Circuit Court Judge and his former wife, in their individual capacities, as Defendants. His claims hinge on the contention that the trial court, led astray by his former wife, arbitrarily and capriciously disregarded what he contends is established Virginia procedural and substantive law. He maintains that those sections of the Code of Virginia pertaining to the award of alimony were unconstitutionally applied by the trial court.

The issue of a spousal support award between Plaintiff and Defendant Ozfidan was first litigated in the Circuit Court. Following an evidentiary hearing on November 25, 2013, addressing the issues of divorce, equitable distribution, fees and costs, the state

---

[1] Both Plaintiff and his wife were represented by counsel in state court.

trial court[2] indicated that it would not address the spousal support issue at that point for two reasons. First, the divorce complaint did not request spousal support, and second, a hearing on spousal support was pending before the Juvenile and Domestic Relations ("J&DR") Court. On December 11, 2013, the trial court issued a letter opinion concluding that "the divorce will be entered on the grounds of cruelty" and that "matters of spousal support will be transferred to the J&DR Court." *Ozfidan v. Ozfidan*, 2017 WL 83630 at *2–3 (Va. Ct. App. Jan. 10, 2017) (quoting the Circuit Court's letter opinion).

Plaintiff subsequently filed a "Motion to Decree Spousal Support," petitioning the trial court to override the J&DR court's award and issue its own support decree, and further requesting that if any such decree was made, it would be made in periodic payments for a defined duration. This motion was denied "as [Ms. Ozfidan's] pleadings never requested [a] spousal support [decree]" from the trial court. *Ofzidan*, 2017 WL 83630 at *2. Plaintiff appealed to the Court of Appeals for Virginia, which remanded the case back to the trial court for reconsideration of the spousal support issue. *Ozfidan v. Ozfidan*, 2015 WL 1994114 (Va. Ct. App. May 05, 2015). On remand, Judge Marshall considered the direction of the Court of Appeals, Virginia precedent, and the parties' positions, and ultimately issued a letter opinion ordering Plaintiff to pay Ms. Ozfidan spousal support for an indefinite duration. *Ofzidan*, 2017 WL 83630 at *3. Plaintiff again appealed, but this time the Court of Appeals affirmed. The Virginia Supreme Court subsequently denied Plaintiff's petition for review. The present action followed.

---

[2] The case originated with Judge Hammond in the Circuit Court. After Plaintiff appealed Judge Hammond's decision and the Virginia Court of Appeals remanded the case for consideration of spousal support, the matter was assigned to Defendant Judge Marshall.

2

This matter is presently before the Court on Motions to Dismiss filed by Defendants Judge John Marshall[3] ("Judge Marshall") and Pamela L. Ozfidan ("Ms. Ozfidan").[4] All parties have filed memoranda supporting their respective positions. For the reasons that follow, both motions to dismiss will be granted.[5]

As an initial matter, the Court notes that Plaintiff fails to identify any relevant authority to support his abstract allegation that Virginia's statutory scheme enabling circuit courts to award support in domestic relations cases is, in any manner, unconstitutional. Furthermore, this Court's survey of domestic relations jurisprudence reveals none.[6] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's complaint must contain factual allegations sufficient to raise a right to relief above the speculative level and facially state a plausible claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

---

[3] The Honorable John Marshall is a Judge with the Circuit Court of the County of Henrico, Virginia.

[4] Plaintiff's *pro se* claim against his former wife, Pamela L. Ozfidan, under 42 U.S.C. § 1983 founders at the starting gate. 42 U.S.C. § 1983 is a vehicle for bringing suit against state or local officials for deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. Ms. Ozfidan is a private citizen outside the ambit of the statute. Simply filing a lawsuit relying on established Virginia law does not, standing along, make her a state actor.

[5] Plaintiff asserts that Defendant Ozfidan's Motion to Dismiss should be stricken because "Ms. Ozfidan failed to timely file her answer and is in default." (Mot. Strike, ECF No. 15; Pl. Br. Opp. Ozfidan Mot. Dismiss 1, ECF No. 14.) As stated in the Court's Order regarding Plaintiff's Request for Entry of Default (ECF No. 18), however, the Court deems Defendant's Motion to Dismiss to be a timely-filed responsive pleading. Therefore, Defendant is not in default. Just as the Court directed the Clerk to deny Plaintiff's Request for Entry of Default, the Court accordingly will deny Plaintiff's Motion to Strike the Motion to Dismiss (ECF No. 15).

[6] Sections 20-79(b) and 20-107.1, Virginia Code Ann., the statutes at issue in this case, authorize circuit court judges to award maintenance and support to spouses and children, as well as child custody and care, at various stages of divorce proceedings in Virginia.

The Court next turns to Judge Marshall's Motion to Dismiss. Although Judge Marshall appropriately points out that he is generally entitled to absolute judicial immunity and notes that the Complaint fails to state a claim upon which relief can be granted, the centerpiece of his Motion to Dismiss is this Court's lack of subject matter jurisdiction over the Complaint. This Court agrees with Judge Marshall that this action is, in essence, an appeal of the Circuit Court's award of spousal support sailing under the false flag of a constitutional claim. Plaintiff's assertions of illegality are quite nuanced.

In attempting to carefully craft a facially viable claim, Plaintiff asserts that "the Complaint does not ask this court to review the merits of the state court decision but rather the procedural and legal improprieties which led to the ruling from the constitutional perspective." (Pl. Br. Opp. Ozfidan Mot. Dismiss 8, ECF No. 14.) "The primary focus of the [C]omplaint is undeniably on procedural and legal improprieties encouraged by Ms. Ozfidan and employed by Judge Marshall leading up to the ruling to reach an unconstitutional result they personally desired." (*Id.*) "I am seeking a judgement declaring that whatever the legal bases Judge Marshall relied on in making the spousal support award to Ms. Ozfidan were unconstitutional as applied by him for the reasons stated in my Complaint." (*Id.* at 10.) "Judge Marshall disregarded state rules, statues [sic], and binding precedents, my independent right to be heard in an impartial forum was violated also." (*Id.* at 13.) "As a citizen of the Commonwealth, I have a right to expect that the support award would comply with Virginia rules and statues [sic]." (Pl. Br. Opp. Marshall Mot. Dismiss 11, ECF No. 12.) "The claims in my Complaint question the constitutionality of vague Virginia rules and statues [sic] and

4

constitutionality of Judge Marshall's application of whatever the legal bases were for the support award." (*Id.* at 13.)

Focusing the analysis more closely, the genesis of Plaintiff's challenge is the Circuit Court's purported error in making an award of spousal support to his wife in the absence of a valid pleading before the court, filed by her, which requested such support. Plaintiff contends that the only issue properly before the Circuit Court on remand was his own Motion to Decree Spousal Support, which he, by counsel, attempted to retroactively limit to a request that the Circuit Court "decrease spousal support . . . to a denial of support for [Ms. Ozfidan]." *Ofzidan*, 2017 WL 83630 at *2. Such limited review, however, is contrary both to the text of Plaintiff's original Motion and to well established Virginia law, particularly in a court of equity. Trial courts in Virginia have broad discretion in awarding and fixing the amount of spousal support. *Brooks v. Brooks*, 498 S.E.2d 461, 463 (Va. 1998).

The Court of Appeals of Virginia rejected Plaintiff's counsel's contention that his wife had waived her right to spousal support by not addressing spousal support specifically in her divorce complaint in the Circuit Court. In affirming the decision of the Circuit Court, the Court of Appeals of Virginia noted:

> The facts at bar indicate that wife had no intent to relinquish her right to spousal support. Wife's opposition to husband's motion to decree spousal support was predicated on the belief that, absent a trial court ruling on spousal support, her favorable [J&DR] court support order would remain in effect, a position wife has consistently maintained throughout this litigation. Only after this Court remanded the spousal support issue to the trial court for reconsideration did wife, knowing that a trial court award would nullify the JDR court's award, begin affirmatively seeking a spousal support award in the trial court. Wife's desire to receive an award of

5

spousal support, either from the original JDR court order or from the trial court, has remained constant throughout this litigation.

(*Id.* at *8–9.*)[7]

As acknowledged by the Court of Appeals, the reasoning Judge Marshall employed in awarding support to Plaintiff's wife was consistent in all respects with the dictates of the Virginia Supreme Court. In *Werner v. Commonwealth*, the Supreme Court held that "a support order of a juvenile and domestic relations court continues in full force and effect notwithstanding the entry by a court of record of a divorce decree that is silent as to support." 181 S.E.2d 76, 78 (Va. 1972). Accordingly, Plaintiff has failed to show that Judge Marshall acted unconstitutionally, substantively or procedurally.

In addition to highlighting the inherent legal fallacies underlying Plaintiff's claims, Judge Marshall correctly challenges this Court's jurisdiction to entertain what is essentially an appeal of a state court's award of alimony. Initially, Judge Marshall points out that the *Rooker-Feldman* Doctrine,[8] although narrow in application, squarely precludes federal district courts from reviewing such state court decisions. Judge Marshall argues that despite Plaintiff's effort to characterize his claims to the contrary, the relief he seeks necessarily involves a review of a state court's decision to award

---

[7] In its opinion, the Court of Appeals of Virginia noted that Plaintiff's pleading asked the trial court "to decree the maintenance and support of the *spouses*," tracking Section 20-107.1(a), Virginia Code Ann. (*Id.* at *5) (emphasis added). The appellate court concluded that "[h]usband requested that the trial court decree support of the 'spouses'—not support for husband only, and not a denial of support for the wife." (*Id.*)

[8] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 (1983).

alimony to his former wife: Plaintiff's sole objective is a declaration by this Court that the spousal support award is unenforceable. This Court agrees.

As the United States Supreme Court carefully articulated in *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, "[t]he *Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005).

Similar to the present case, in *Rooker v. Fidelity Trust Co.*, parties defeated in state court turned to a federal district court for relief, alleging that the adverse state court judgment was rendered in contravention of the Constitution. The parties urged the federal court to declare it null and void. 263 U.S. 413, 415 (1923). The Supreme Court further noted in *Rooker* that even "[i]f the [state court] decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Id.* The immediate case falls squarely within the prohibition announced in *Rooker* and *Feldman*.

The gravamen of Plaintiff's Complaint is that he suffered constitutionally cognizable injury as a result of the state court judge's incorrect application of state law. (Compl. III, ECF No. 1.) Employing a subtle analysis, Plaintiff attempts to decouple the court's decisional process from the underlying authority relied upon—and the resulting decision. Plaintiff contends that, "[i]n short, being vague there were no state rules or authorities requiring him to rule the way he did." (Pl. Br. Opp. Marshall Mot. Dismiss

14.) Plaintiff adds that "Judge Marshall should have not assumed authority to grant support because the rules and statutes were unconstitutionally vague." (*Id.*)

Presumably, Plaintiff also believes that the Virginia Court of Appeals, which reviewed and affirmed Judge Marshall's award of alimony, both substantively and procedurally, engaged in the same type of allegedly errant reasoning. The Virginia Court of Appeals rejected the identical constitutional claims raised by Plaintiff in the immediate case. *Ozfidan*, 2017 WL 83630 *3–8.

Based on Plaintiff's strained line of reasoning, he seeks to circumnavigate the *Rooker-Feldman* Doctrine by alleging that he is not challenging the state court judgment per se, but the constitutionality of the trial judge's analysis and the legal basis for awarding support. There is no logical route to achieve the result Plaintiff seeks, other than finding that the trial court erred in awarding alimony. Sheared of rhetoric, the relief Plaintiff seeks is an order relieving him of his responsibility for paying alimony. Consequently, *Rooker-Feldman* clearly divests this Court of jurisdiction to nullify the award of alimony.

The jurisdiction of this Court to review the legality of the spousal support award in this case is further undermined by the enduring admonition of the Supreme Court that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In Re Burrus*, 136 U.S. 586, 593–94 (1890). "[T]he domestic relations exception, as articulated by [the United States Supreme Court] since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689,

8

703 (1992) (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)). The United States Court of Appeals for the Fourth Circuit has long recognized this jurisdictional limitation. *See Doe v. Doe*, 660 F.2d 101, 105–106 (4th Cir. 1981); *see also Wilkins v. Rogers*, 581 F.2d 399 (4th Cir. 1978); *Gullo v. Hirst*, 332 F.2d 178 (4th Cir. 1964).

In light of the foregoing, the Court finds that it lacks jurisdiction over Plaintiff's Claims against Judge Marshall.

Finally, with respect to Ms. Ozfidan, Plaintiff argues that his wife "encouraged Judge Marshall to engage in procedural and legal improprieties leading to an unconstitutional result." (Pl. Br. Opp. Ozfidan Mot. Dismiss 8.) Plaintiff, however, fails to particularize how Ms. Ozfidan importuned the court into reaching an unconstitutional decision to award statutorily authorized spousal support. Furthermore, merely asking the court to award her statutory relief does not make her a state actor. As the United States Court of Appeals for the Fourth Circuit explained in *DeBauche v. Trani*, "[t]o implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.' . . . The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's action." 191 F.3d 499, 506 (4th Cir. 1999) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Stated differently, to become state action, private action must have a 'sufficiently close nexus' with the state that the private action 'may be fairly treated as that of the State itself.'" *Debauche*, 191 F.3d at 507 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999)). *See also Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217–220 (4th Cir. 1993).

If Plaintiff's theory of vicarious Section 1983 liability was adopted by federal courts, it would potentially sweep every prevailing litigant in a state court action within its ambit based solely on the threadbare argument that the judge's decision in favor of that litigant was unconstitutional. Such expansive interpretation of Section 1983 was specifically rejected by the U.S. Supreme Court when it determined that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Accordingly, Plaintiff has failed to state a § 1983 claim against Ms. Ozfidan.

Based on the above analysis, this Court finds that it lacks subject matter jurisdiction over Plaintiff's thinly veiled challenge to the judgment of the Circuit Court. Even if this Court had the requisite jurisdiction, it would conclude that Plaintiff's Complaint fails to demonstrate a viable constitutional claim against either Judge Marshall, a well-respected jurist, or Ms. Ozfidan, a private citizen. Plaintiff's Complaint will therefore be dismissed in its entirety, with prejudice.

Highlighting the frivolity of Plaintiff's Complaint and his alleged abuse of legal process, Ms. Ozfidan urges this Court to impose sanctions against Plaintiff, under Fed. R. Civ. P. 11, to deter future abusive litigation. Even though the record at hand may arguably support such sanctions, given this Court's tenuous jurisdiction, Plaintiff's *pro se* status, and the nature of the underlying dispute, with some hesitation no sanctions will be imposed unless further similarly ill-advised litigation is filed in this Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 9, 2018
Richmond, Virginia